IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

YUESEYUAN CRUEL,
REG. #96075-071                                                                                           PLAINTIFF

2:09CV00189JTK

UNITED STATES BUREAU
OF PRISONS, et al.                                                                                        DEFENDANTS

**MEMORANDUM AND ORDER**

**I.  Introduction**

This matter is before the Court on the Defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No. 37), and on the Plaintiff's cross-motion for summary judgment (Doc. No. 39).  Defendants filed a response to Plaintiff's cross-motion (Doc. No. 43).

Plaintiff is a federal inmate incarcerated at the Federal Correctional Center (FCI), Forrest City, Arkansas.  He filed this federal civil rights (Bivens) and Privacy Act action against Defendants, asserting numerous claims, and seeking monetary and injunctive relief.  Specifically, Plaintiff alleges that Defendant Bureau of Prisons (BOP) failed to include jail credit time from April 24, 2008 until May 1, 2008, when computing his sentence in federal custody.  Plaintiff acknowledges that he has been granted the credit, but claims damages against the BOP under the Privacy Act, and against individual Defendants Smith and Haltiwanger, pursuant to the Bivens civil rights claim.  Plaintiff also asks for injunctive relief in the form of an amendment of records contained within his Central files.

**II.  Summary Judgment Motion**

A.  Privacy Act Claim

1) Defendants' Motion - Defendant BOP states Plaintiff's allegations do not support a Privacy Act claim against it.  The Privacy Act provides that federal agencies are required to "maintain all records...with such accuracy, relevance, timeliness, and completeness as is reasonably

necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(3)(5). In order to support a violation of this action, Plaintiff must show: 1) the agency failed to maintain accurate records; 2) an adverse agency decision resulted from that failure; and 3) the agency's actions were willful or intentional. 5 U.S.C. § 552a(g)(4); Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C.Cir. 2002). Defendant states although there is no dispute that the records were inaccurate, and later corrected, Plaintiff can not show that an adverse decision resulted from the inaccuracy, or that Defendant's actions were willful or intentional. In order to show the latter, Plaintiff must present a factual basis on which to support his allegation, and show that the agency's actions occurred "without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act." Albright v. United States, 732 F.2d 181, 189 (D.C. Cir. 1988). See also White v. Office of Personnel Management, 840 F.2d 85, 87 (D.C.Cir. 1988). Defendant states Plaintiff can not show that the actions involving his records were the result of such willfulness or flagrant disregard for Plaintiff's rights.

Furthermore, Defendant BOP states it is exempt from the injunctive relief which Plaintiff seeks. According to 28 C.F.R. § 16.97, the BOP is exempt from the record-amendment requirements of § 552a(d) of the Privacy Act. See also Risley v. Hawk, 108 F.3d 1396, 1397 (D.D.C. 1997). Therefore, Defendant BOP states Plaintiff's complaint against it should be dismissed.

2) Plaintiff's Response - Plaintiff states Defendant adversely determined his incorrect release date by not applying the full jail credit toward his sentence, and maintained the inaccurate record until after this action was filed. He states he was aggrieved by the adverse determination of Defendant, and subjected to increased punishment without due process of law. He states Defendant acted intentionally and willfully in failing to maintain accurate records and that emotional trauma qualifies as an adverse effect for actual damages. Plaintiff also disagrees that Defendant is exempt from the Privacy Act.

3) Standard of Review - Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate

if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

4) Analysis - As noted above, in order to support his claim against Defendant under the Privacy Act, Plaintiff must show a failure to maintain accurate records, an adverse agency decision, and agency actions which were willful or intentional. The parties agree that no dispute of fact exists with respect to the first factor, which is that his records were inaccurate. The parties also agree that no dispute exists that Plaintiff has received credit for the miscalculation. See January 15, 2008 letter to Plaintiff, Doc. No. 38, Attachment 17. With respect to the second factor, however, Plaintiff has provided no proof of any adverse agency decision which has resulted from the inaccurate calculation. The Court notes that Plaintiff is currently incarcerated for thirty months, pursuant to a sentence which was imposed on May 20, 2009. (Doc. No. 38, Attachment 9). Therefore, at the time Plaintiff filed this action against Defendants – December 28, 2009 – he had served a little more than seven months of that thirty-month sentence. The error at issue concerned no more than seven days, and thus, would not have affected Plaintiff's incarceration at the time he filed his complaint, or even at the present time. Although Plaintiff alleges he suffered false imprisonment as a result of the error, he provides no evidence to support his allegation. Finally,

with respect to the third factor, the Court also finds no evidence of willful or intentional actions on the part of the Defendant. As stated in Albright v. United States, supra, Plaintiff must present a factual basis to support his allegation that the agency acted in a manner which flagrantly disregarded Plaintiff's rights. In this case, Plaintiff sent a letter about the error on December 17, 2008, and he received a letter confirming the corrected sentence computation on January 15, 2010 (Doc. No. 38, Attachments 16, 17). Plaintiff does not refer to any additional correspondence from Defendant, or any other evidence, which would contain evidence of bad faith or flagrant disregard for Plaintiff's right to a corrected sentence computation. Therefore, as a matter of law, the Court finds Plaintiff's damages claim against Defendant BOP should be dismissed.

In addition, the law is clear that the BOP is exempt from the provision of the Privacy Act requiring amendment of records. "Bureau of Prison regulations exempt the agency from the Privacy Act provision requiring inaccurate files to be amended....In addition, although the Bureau of Prisons is subject to the Act's requirement that an agency maintain its records accurately, ..., injunctive relief is not available under that section." Risley v. Hawk, supra, 108 F.3d at 1397. Therefore, the Court finds Plaintiff is not entitled to injunctive relief with respect to his request for correction of his records.

B.  Bivens Claims

In addition to his Privacy Act claim against the BOP, Plaintiff also seeks damages against Defendants Smith and Haltiwanger for a violation of his due process rights. Plaintiff alleges he approached Defendant Smith, a case manager at FCI, and Defendant Haltiwanger, an employee in the inmate records division of FCI, with questions about the error in his sentence computation. Plaintiff claims that by telling him to continue his efforts through the administrative remedy process, Defendants failed in their duties to investigate the issue. However, Plaintiff does not allege that these Defendants impeded his efforts at resolving his issue, and Plaintiff admits that the issue was resolved following submission of his letter to the BOP. As noted earlier, Plaintiff has presented no evidence of suffering an adverse effect from the error, or any other harm. Therefore,

the Court finds as a matter of law that Plaintiff does not state a due process claim for relief against these two Defendants.

### III. Conclusion

In Conclusion, the Court finds that Defendants' Motion for Summary Judgment should be granted, and therefore, that Plaintiff's cross-motion for summary judgment should be denied. Accordingly,

IT IS, THEREFORE, ORDERED that Defendants' Motion for Summary Judgment is hereby GRANTED, and Plaintiff's complaint against Defendants is DISMISSED with prejudice.

IT IS FURTHER ORDERED that all other pending motions are hereby DENIED AS MOOT.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 9th day of September, 2010.

_____
United States Magistrate Judge

5